IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRIAN G. WEST,                              *

    Plaintiff,                         *

      v.                              *           Civil Action No. RDB-11-3051

LEE N. KOEHLER, *et al.*                     *

    Defendants.                        *

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## MEMORANDUM OPINION

Plaintiff Brian G. West, proceeding *pro se*, initially brought this action against Defendant Lee N. Koehler, individually and as the surviving director and trustee of Koehler & West, Chartered, a forfeited Maryland corporation in the Circuit Court for Baltimore County, Maryland on July 29, 2011. The Complaint alleges claims for breach of contract (Count I), promissory estoppel (Count II), quantum meruit (Count III) and failure to provide an accounting[1] arising out of Plaintiff's allegation that he is entitled to payment for his representation of Defendant in a civil matter. Defendant later removed this action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

Pending before this Court are Defendant Lee N. Koehler's Motion for Partial Judgment on the Pleadings (ECF No. 12) pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and Plaintiff Brian G. West's Motion for Remand (ECF No. 14).[2] The

---

[1] The accounting claim is not labeled as a count in the Complaint. Pl.'s Compl. at 10, ECF No. 1. However, Plaintiff alleges that it was a "typographical error" and that "[i]t should read "Count IV Accounting." Pl.'s Opp. to Def.'s Mot. for Partial J. on the Pleadings at 1 n. 2, ECF No. 15.

[2] Defendant only moves for judgment as to Counts II and III, but has not moved for judgment as to Count I.

parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Plaintiff's Motion for Remand (ECF No. 14) to the Circuit Court for Baltimore County is DENIED. Defendant Lee N. Koehler's Motion for Partial Judgment on the Pleadings (ECF No. 12) is GRANTED in part and DENIED in part, specifically it is DENIED as to Counts II and III but GRANTED as to Plaintiff's accounting claim.

BACKGROUND

Plaintiff Brian G. West ("West" or "Plaintiff") is a resident of Baltimore County, Maryland. Pl.'s Compl. at ¶ 2, ECF No. 2. At all times relevant to this case, Plaintiff was licensed to practice law in the State of Maryland until his disbarment by the Court of Appeals of Maryland in October of 2009. *Id.* at ¶ 2, 25. Defendant Lee N. Koehler ("Koehler" or "Defendant") is a resident of the Commonwealth of Pennsylvania. *Id.* at ¶ 3. He is licensed to practice in the State of Maryland and practices law from an office located at 409 Washington Avenue, Suite 625, Towson, Maryland 21204. *Id.*

In the Complaint, West alleges that West and Koehler's law partnership began in 1991 [3] with the formation of Koehler & West, Chartered, a Maryland professional corporation ("K&W"). *Id.* at ¶ 4. According to West, both parties were to share the profits equally until the end of the partnership on July 31, 2008. *Id.* at 5. The State Department of Assessments & Taxation ("SDAT") records, however, reflect that Koehler & West,

---

[3] According to the State Department of Assessment and Taxation ("SDAT"), Koehler & West, Chartered was registered and formed on July 7, 1980. Decl. of Brian G. West in Supp. of Mot. for Remand 5, Ex. 1, ECF No. 14-2.

Chartered was placed in forfeiture status on October 2, 1997. Decl. of Brian G. West in Supp. of Mot. for Remand 6, Ex. 1, ECF No. 14-2.

West alleges that Koehler individually held interest in a number of business ventures, notably two hotel resorts and a private club. Pl.'s Compl. at ¶ 7-9. West further alleges that these businesses failed causing the Bank of Bermuda and its affiliates to bring lawsuits against Koehler and his business associates for defaulting on their loans. *Id.* at ¶¶ 10-11. At the same time and through 2010, West claims that Koehler brought actions against the Bank of Bermuda and his business associates concerning the failure of these businesses. *Id.* at ¶¶ 11-19. West also alleges that "throughout the process of the numerous legal actions brought by or against Koehler, Koehler utilized the resources, both monetary and staff, of K&W to cover the costs of the actions." *Id.* at ¶ 19.

Despite the forfeiture of K&W, West claims that he continued to assist and represent Koehler in these litigations. Pl.'s Compl. at ¶¶ 7-31. Specifically, West contends that "[c]ommencing in 1997, [he] actively assisted Koehler in the prosecution of the litigation matters . . ., acting as lead counsel on most of the cases, and presenting arguments before the various courts . . ." *Id.* at ¶ 23. West also claims that upon realizing the financial cost of these actions to West, Koehler and West elected to enter into an Agreement by which West would receive one third of "all sums received by Koehler on the various actions undertaken to satisfy the Maryland Judgment." *Id.* at ¶ 21. The term Maryland Judgment as used in the Complaint refers to the default judgment awarded to Koehler in 1992 against one of his business associates (Dodwell) in litigation in this Court captioned *Koehler v. Dodwell, et al*, WDQ-92-2982. *Id.* at ¶ 13. It is important to note that West is listed as Koehler's lead

attorney on this case's docket.[4]  In 2004 and pursuant to the Agreement, Koehler paid West one third of the $475,000 judgment he obtained in garnishment proceedings against Dodwell.  *Id.* at ¶ 22.  Additionally, West alleges that even after being disbarred in October of 2009 and thereby ceasing to provide legal assistance to Koehler on these matters, he nevertheless continued to communicate with Koehler's new attorney and to provide the latter with copies of the filings to assist him in his representation of Koehler.  *Id.* at ¶ 25-26.

In January 2011, West became aware that Koehler had dismissed all pending actions with the Bank of Bermuda.  *Id.* at ¶ 27.  As such, West assumed that Koehler would have collected on the judgments and sought to obtain his share as well as information concerning the reasons for the dismissal.  *Id.* at ¶¶ 27-28.  Koehler, however, allegedly refused to provide him with this information or any compensation for his efforts.  *Id.* at 28.  West, therefore, filed this breach of contract action against Koehler on October 25, 2011 in the Circuit Court for Baltimore County, Maryland.  *Id.* at 1, ¶¶ 32-40.  West also asserts claims of promissory estoppel (Count II) and quantum meruit (Count III) and requests an accounting.  *Id.* at 8-11. On the same day, Koehler immediately removed this action to this Court based on diversity of jurisdiction pursuant to 42 U.S.C. §§ 1332 and 1441.  Notice of Removal, ECF No. 1. Now pending before this Court is Plaintiff West's Motion for Remand (ECF No. 14) alleging that K&W's status as a Maryland corporation defeats complete diversity.  Also pending is Defendant Koehler's Motion for a Partial Judgment on the Pleadings (ECF No. 12) requesting that this Court dismiss Counts II and III of Plaintiff's Complaint.

---

[4] A court may consider "matters of public record" that are appropriate for judicial notice.  *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *Q Int'l Courier, Inc. v. Smoak*, 441 F.3d 214, 216 (4th Cir. 2006). A court is not required to accept as true "allegations that contradict matters properly subject to judicial notice." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002).

<u>STANDARDS OF REVIEW</u>

**I.    Motion to Remand**

Except as otherwise provided by law, a defendant may remove a state civil action to a federal court where the action is one "of which the district courts of the United States have original jurisdiction."   28 U.S.C. § 1441(a) (2009).   The burden of establishing federal jurisdiction is placed upon the party seeking removal, and because of the "significant federalism concerns" implicated by divesting a state court of jurisdiction, removal jurisdiction is strictly construed.   *Mulcahy v. Columbia Organic Chemils Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100 (1941).   On a motion to remand, a court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court."   *Richardson v. Phillip Morris, Inc.*, 950 F. Supp. 700, 701-02 (D. Md. 1997) (citation omitted).   "If federal jurisdiction is doubtful, a remand is necessary."   *Mulcahy*, 29 F.3d at 151; *see also Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815-16 (4th Cir. 2004).

A defendant in a state civil action may remove the case to federal court only if the federal court can exercise original jurisdiction over at least one of the asserted claims.   28 U.S.C. § 1441(a)-(c) (2006).   Federal courts have original jurisdiction over two kinds of civil actions—those which are founded on a claim or right arising under the Constitution, treaties or laws of the United States, and those where the matter in controversy exceeds $75,000 and is between citizens of different States.   U.S. Const. Art. III, § 2; 28 U.S.C. §§ 1331, 1332(a)(2006).

Federal courts are obliged to carefully scrutinize challenges to jurisdictional authority,

and must "do more than simply point jurisdictional traffic in the direction of state courts." *17th Street Associates, LLP v. Markel Int'l Ins. Co. Ltd.*, 373 F. Supp. 2d 584, 592 (E. D. Va. 2005). The federal remand statute provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." 28 U.S.C. § 1447(d). In other words, "a district court should be cautious in denying defendants access to a federal forum because remand orders are generally unreviewable." *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 988 F. Supp. 913, 914-15 (D. Md. 1997); *see also In re Lowe,* 102 F.3d 731, 736 (4th Cir. 1996) ("[A] federal court loses jurisdiction over a case as soon as its order to remand the case is entered."). "§ 1447(d) must be read *in pari materia* with § 1447(c), . . . only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)." *Ritter v. Ritter*, 396 Fed. Appx. 30, 32 (4th Cir. 2010) (citing *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995)). "A remand order based on a lack of subject matter jurisdiction, whether sua sponte or not, falls within the scope of § 1447(c), and is therefore not reviewable by a court of appeals." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008).

## II.    Rule 12(c) Motion

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings any time after the pleadings are closed, as long it is early enough not to delay trial.[5] *See* Fed. R. Civ. P. 12(c). The legal standard governing such a Motion is the same as a Motion to Dismiss under Rule 12(b)(6). *See, e.g., Edwards v. City of Goldsboro*, 178 F.3d 231,

---

[5] Defendant filed an Answer (ECF No. 8) on October 27, 2011, prior to filing the Motion for Partial Judgment on the Pleadings (ECF No. 12).

243 (4th Cir. 1999); *Booker v. Peterson Cos.*, 412 F. App'x 615, 616 (4th Cir. Feb. 25, 2011); *Economides v. Gay*, 155 F. Supp. 2d 485, 488 (D. Md. 2001). In determining whether dismissal is appropriate, this Court assumes as true all well-pleaded facts in the plaintiff's complaint, but does not accept the plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Simmons v. United Mort. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011); *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009). To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 55. The Supreme Court has explained that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009).

<u>ANALYSIS</u>

I.      **Plaintiff's Motion to Remand**

Plaintiff contends that remand to state court is appropriate because complete diversity of jurisdiction is lacking and Defendant failed to join co-defendant Koehler & West, Chartered ("K&W") in the removal petition. Specifically, Plaintiff argues that in naming Lee N. Koehler as surviving director and trustee of Koehler & West, Chartered, he was including K&W as a defendant and that since K&W has its citizenship in Maryland,

complete diversity of the parties is lacking.   Moreover, he argues that removal was procedurally improper because K&W was not joined by Koehler in the removal petition.

For his part, Defendant argues that K&W is neither a named party nor a real party in interest in this lawsuit and that K&W was fraudulently joined for the purposes of defeating federal jurisdiction.  Specifically, Defendant contends that this is a breach of contract action unrelated to any forfeited corporation or to the winding up activities of said corporation.

Plaintiff's motion to remand raises the issue of the effect of a forfeited corporation on complete diversity.   Federal diversity jurisdiction requires complete diversity of citizenship between the plaintiffs and defendants.  28 U.S.C. § 1332(a).  The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant.  *See Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 829 (1989). "It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other." *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806)).  Moreover, the parties "must be real and substantial parties to the controversy . . . .  Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties in controversy." *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 461 (1980).

Under Maryland law, upon forfeiture of the corporation's charter, "the powers conferred by law on the corporation[ ] are inoperative, null, and void as of the date of the proclamation without proceedings of any kind either at law or in equity."  Md. Code Ann., Corps. & Ass'ns § 3–503(d).  "[A]ll powers granted to [a corporation] by law, including the

power to sue or be sued, [are] extinguished generally as of and during the forfeiture period." *Mintec Corp. v. Miton*, 392 B.R. 180, 185 (D. Md. 2008) ( *quoting Dual Inc. v. Lockheed Martin Corp.*, 857 A.2d 1095, 1101 (Md. 2004)). "When the charter of a Maryland corporation has been forfeited, until a court appoints a receiver, the directors of the corporation become the trustees of its assets for purposes of liquidation." *Dual Inc.*, 857 A.2d 1095, 1101 ( *quoting* Md. Code Ann., Corps. & Ass'ns, § 3-515(a)).

"While Maryland law is clear that a forfeited corporation . . . lacks any capacity to be sued, *see* § 3–503, Maryland law is equally clear that directors/trustees can be sued in their own names, or in the name of the corporation, for claims related to the winding up of corporate affairs." *Clevenger v. Baltimore Am. Mortg. Corp.*, JFM-10-1751, 2010 WL 4285214 at *2 (D. Md. Oct. 29, 2010) (*citing* Md. Code Ann, Corps. & Ass'ns, § 3-515(c)(3); *Mintec Corp.*, 392 B.R. 185). Additionally, "directors/trustees may bring a suit in the name of a defunct corporation, without naming a director/trustee as a party, if the action is brought . . . as part of a good faith liquidation or winding up of" the corporations' affairs. *Id.* (*citing Mintec*, 392 B.R. at 185) (quotation marks omitted). Therefore, claims against a forfeited corporation are viable as long as the claims by or against the directors/trustees relate to the liquidation or winding up of the corporation and are brought in the individual names of the directors/trustees or "against a director/trustee in the name of the corporation." *Clevenger*, 2010 WL 4285214 at *2 (internal quotation marks omitted). In these cases, although the forfeited corporation "no longer legally exists, its citizenship prior to forfeiture" affects complete diversity. *Id.* (*citing Nat'l Ass'n of State Farm Agents, Inc. v. State Farm Mut. Auto Ins.*, 201 F. Supp. 2d 525, 529 (D. Md. 2002). This Court has also held that a plaintiff "may not

proceed directly against [the forfeited corporation], but may maintain a cause of action against [its] directors/trustees, whether or not they are named as parties, so long as there was proper service." *Id.* Plaintiffs are "obligated only to undertake a 'reasonable search' to identify the directors/trustees that they were required to serve." *Clevenger*, 2010 WL 4285214 at *3 (*citing Scott v. Seek Lane Venture Inc.*, 605 A.2d 942, 951 (Md. Ct. Spec. App. 1992)).

In this case, Plaintiff brought suit against Koehler individually and as the surviving director and trustee of K&W a forfeited corporation.  The record reflects that Koehler was appropriately served and that the summons was returned and executed as to Koehler individually and as surviving director and trustee of the forfeited corporation on October 25, 2011.  However, it is also undisputed that Koehler & West, Chartered was forfeited in 1997. As such, Plaintiff's claims against Koehler as the surviving director and trustee of the corporation should relate to "the winding up of the corporation."  Md. Code Ann., Corps & Ass'ns § 3-515(c)(3); *see also Dual Inc. v. Lockheed Martin Corp.*, 857 A.2d 1095, 1101 (Md. 2004).  Nevertheless, Plaintiff's claims against Koehler appear to arise out of an attorney-client relationship for services rendered in relation to civil matters involving Koehler individually and not K&W.  Specifically, the fact that Plaintiff was lead attorney in the case of *Koehler v. Dodwell, et al*, WDQ-92-2982 filed in this Court and was awarded one third of the amount received by Koehler in that case indicates that West and Koehler were not acting as partners in a law firm, but were instead involved in an attorney-client relationship. Moreover, this Court is satisfied that the lawsuits by and against Koehler did not involve K&W as an entity.  Because Plaintiff's claims against Koehler as surviving director and

trustee of the forfeited corporation do not arise out of matters relating to its liquidation or the winding up of K&W's affairs, they must be dismissed with prejudice.

Furthermore, K&W is not a real party in interest in this lawsuit.  According to the United States Court of Appeals for the Fourth Circuit, a real party in interest "possesses the right to enforce the claim and [ ] has a significant interest in the litigation." *Virginia Elec. & Power Co. v. Westinghouse Elec. Corp.*, 485 F.2d 78, 83 (4th Cir. 1973).  "Diversity jurisdiction must be based only on the citizenship of the real parties in interest, ignoring the citizenship of merely nominal or formal parties." *Nat'l Ass'n of State Farm Agents,* 201 F. Supp. 2d at 529.  K&W has been in forfeiture status since 1997.  Plaintiff's representation of Koehler began in or about 1992 but continued beyond the forfeiture of the corporation.  None of the proceeds claimed in this case relate to the liquidation of K&W nor do they relate to the distribution of corporate funds or profits to remaining directors or shareholders.  Moreover it appears that only Plaintiff and Koehler are parties to the representation contract at issue in this case.  Therefore, K&W is not a real party in interest.

Upon removal, the fraudulent joinder doctrine "permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citations omitted).  "To show fraudulent joinder, the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.' " *Hartley v. CSX Transportation Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (citations omitted) (emphasis in original).  In light of

the foregoing, while there is no outright fraud in Plaintiff's pleading of jurisdictional fact, Plaintiff would not be able to establish a cause of action against K&W.  Although Plaintiff complied with Maryland regulation in properly naming and serving K&W's surviving director and trustee in this case, his claims do not relate to the liquidation or winding up of the forfeited corporation and K&W is simply not a real party in interest.  As such, this Court will disregard K&W's citizenship.  Accordingly, complete diversity of citizenship exists and this Court has jurisdiction over this matter.

Additionally, K&W did not need to consent to the removal of this action to federal court.  Though all defendants must generally consent to removal of an action from state to federal court, the consent of a nominal or formal party is not required to properly remove a case.  *See, e.g., Egle Nursing Home, Inc. v. Erie Ins. Group*, 981 F. Supp. 932, 933 (D. Md. 1997). Furthermore, since this Court previously held that a forfeited corporation may be served by effecting proper service on its directors and trustees, *Clevenger*, 2010 WL 4285214 at *3, it follows that the consent of the directors and trustees for removal acts as the consent of the forfeited corporation.  Consequently, removal in this case only required the consent and action of Defendant Koehler.

## II.    Defendant's Motion for Partial Judgment on the Pleadings

Defendant moves this Court to dismiss Count II (promissory estoppel) and Count III (quantum meruit) of Plaintiff's Complaint contending that due to the existence of an express contract, quasi-contractual relief cannot be a cause of action or remedy available to Plaintiff.

It is well-established in Maryland that quasi-contractual claims generally cannot arise where an express contract between the parties exists:

> The general rule is that no quasi-contractual claim can arise when a contract exists between the parties concerning the same subject matter on which the quasi-contractual claim rests.   The reason for this rule is not difficult to discern.   When parties enter into a contract they assume certain risks with an expectation of a return.   Sometimes, their expectations are not realized, but they discover that under the contract they have assumed the risk of having those expectations defeated.   As a result, they have no remedy under the contract for restoring their expectations.   In desperation, they turn to quasi-contract for recovery.   This the law will not allow.

*Cnty Com'rs of Caroline Cnty v. J. Roland Dashiell & Sons, Inc.*, 747 A.2d 600, 607 (quoting *Mass Transit Admin. v. Granite Constr. Co.*, 471 A.2d 1121, 126 (Md. Ct. Spec. App. 1984)).   Koehler is, therefore, correct that a plaintiff cannot recover under a quasi-contract claim "when a contract exists between the parties concerning the same subject matter on which the quasi-contractual claim rests."   *Dashiell*, 747 A.2d at 607.   However, although plaintiff "may not recover under both contract and quasi-contract theories, [he is] not barred from pleading these theories in the alternative where the existence of a contract concerning the subject matter is in dispute."   *Swedish Civil Aviation Admin. v. Project Management Enterprises, Inc.*, 190 F. Supp. 2d 785, 792 (D. Md. 2002).

In this case, while the parties agree that an agreement exists there is a dispute as to the subject matter of the contract.   Specifically, both parties agree that the terms of the agreement are in dispute.   Pl.'s Opp. to Def.'s Mot. for Partial J. at 3, ECF No. 15; Def.'s Reply to Pl.'s Opp. at 4, ECF No. 4-5 ("Defendant does not disagree that the terms of the agreement are in dispute. . . . the specific terms of the contract, when disagreed upon, are a question of fact").   Moreover, West argues that this agreement to share in one third of the sums received from judgments in favor of Koehler came into existence because of the cost

the litigations imposed on West and on their partnership. Pl.'s Compl. at ¶ 21. However, Koehler argues that this agreement was entered into to compensate West for his legal services. Def.'s Answer at ¶ 21. Therefore, since there is a dispute concerning the subject matter of the agreement between Plaintiff and Defendant, Plaintiff may alternatively plead his claims for promissory estoppel and quantum meruit.

Additionally, the Federal Rules of Civil Procedure allow parties to plead claims in the alternative. Rule 8(e)(2) states in part, "[a] party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal [or] equitable . . . grounds." Fed. R. Civ. P 8(e)(2). Accordingly, Plaintiff may plead claims both in contract and quasi-contract. Therefore, Defendant's Motion for Partial Judgment on the Pleadings concerning the dismissal of Counts II and III is DENIED.

In his reply to Plaintiff's Opposition to the Motion for Partial Judgment, Defendant also moves this Court to dismiss Plaintiff's accounting claim on the grounds that (a) it was not properly raised in the Complaint and (b) an accounting should only be granted when the remedies at law would be insufficient.

While Plaintiff has not filed a motion for leave to amend his Complaint, Plaintiff has indicated that his accounting claim should be labeled as "Count IV Accounting" and that the failure to do so resulted from a "typographical error." Pl.'s Opp. to Def.'s Mot. for Partial J. at 1 n. 2, ECF No. 15. Therefore, this Court will treat Plaintiff's accounting request as a claim. Nevertheless, this Court has held that "an accounting is . . . a remedy, not a separate cause of action, and not available absent some independent cause of action." *IFAST, Ltd. v.*

*Alliance for Telecomm. Indus. Solutions, Inc.*, No. 06-CV-2088, 2007 WL 3224582, at * 11 (D. Md. Sept. 27, 2007) (citing 1A C.J.S. Accounting § 6 (2007)).   Furthermore, the Court of Special Appeals of Maryland has stated that, "it is now clear, moreover, that whereas an equitable claim for an accounting once served a necessary discovery function, that function has been superseded by modern rules of discovery."   *Alternatives Unlimited, Inc. v. New Baltimore City Bd. of School Com'rs*, 843 A.2d 252, 307-308 (Md. Ct. Sp. App. 2004).   Thus, a claim for accounting is not cognizable as an independent cause of action.   Because discovery can appropriately satisfy Plaintiff's request for information under this count, Plaintiff's accounting claim is DISMISSED WITH PREJUDICE.

<u>CONCLUSION</u>

For the reasons stated above, Plaintiff Brian G. West's Motion for Remand (ECF No. 14) is DENIED.  All counts of the Complaint against Lee N. Koehler as surviving director and trustee of Koehler & West, Chartered, a Forfeited Maryland Corporation are DISMISSED WITH PREJUDICE.

Additionally, Defendant Lee N. Koehler's Motion for Partial Judgment on the Pleadings (ECF No. 12) is GRANTED in part and DENIED in part.  Specifically, Defendant's Motion is GRANTED in that Plaintiff's accounting claim is DISMISSED WITH PREJUDICE.  Defendant's Motion is DENIED in that Counts II and III of Plaintiff's Complaint remain asserted against Defendant.

A separate Order follows.

Dated:          March 13, 2012                    /s/_____

                                                  Richard D. Bennett
                                                  United States District Judge