IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRIAN G. WEST,                          *

    Plaintiff,                      *

       v.                           *          Civil Action No. RDB-11-3051

LEE N. KOEHLER,                         *

    Defendant.                      *

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

## MEMORANDUM OPINION

Plaintiff Brian G. West, proceeding *pro se*, initially brought this action against Defendant Lee N. Koehler, individually and as the surviving director and trustee of Koehler & West, Chartered, a forfeited Maryland corporation in the Circuit Court for Baltimore County, Maryland on July 29, 2011.  The Complaint alleges claims for breach of contract (Count I), promissory estoppel (Count II), quantum meruit (Count III) and failure to provide an accounting[1] arising out of Plaintiff's allegation that he is entitled to payment for his representation of Defendant in a civil matter.  On March 13, 2012, in ruling simultaneously on Defendant's Motion for Partial Summary Judgment and Plaintiff's Motion to Remand, this Court issued an Order (ECF No. 27) dismissing all claims against Lee N. Koehler as surviving director and trustee of Koehler & West, Chartered, a Forfeited Maryland Corporation with prejudice.  The same Order also dismissed Plaintiff's accounting claim with prejudice and denied Plaintiff's Motion to Remand.  On June 8, 2012, this Court

---

[1] The accounting claim is not labeled as a count in the Complaint.  Pl.'s Compl. at 10, ECF No. 1.  However, Plaintiff alleges that it was a "typographical error" and that "[i]t should read "Count IV Accounting."  Pl.'s Opp. to Def.'s Mot. for Partial J. on the Pleadings at 1 n. 2, ECF No. 15.

issued a Letter Order (ECF No. 39) scheduling *inter alia* a two-day bench trial to begin on August 8, 2012.

Presently pending before this Court are Defendant Lee N. Koehler's Motion for Summary Judgment (ECF No. 31) and Plaintiff Brian G. West's Cross-Motion for Partial Summary Judgment (ECF No. 34) pursuant to Rule 56 of the Federal Rules of Civil Procedure. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendant Lee N. Koehler's Motion for Summary Judgment (ECF No. 31) and Plaintiff Brian G. West's Cross-Motion for Partial Summary Judgment (ECF No. 34) are DENIED.

## BACKGROUND

This Court reviews the facts relating to this claim in the light most favorable to the plaintiff. *See, e.g., Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). The background facts of this case were fully set forth in this Court's previous Memorandum Opinion and Order entered on March 13, 2012. *See West v. Koehler*, RDB-11-3051, 2012 WL 868657 (D. Md. March 13, 2012) (ECF No. 26). That background is repeated here, in part, so as to provide context for the pending cross-motions for summary judgment.

West and Koehler agree that their law partnership began sometime in the 1990s with the formation of Koehler & West, Chartered, a Maryland professional corporation ("K&W") "owned by Koehler, in which West ha[d] been given a nominal interest."[2] West Aff. in

---

[2] While West alleges that the law partnership began in 1991, West Summ. J. Aff ¶ 3, the State Department of Assessment and Taxation ("SDAT") record submitted in support of West's Motion to Remand indicates that Koehler & West, Chartered was registered and formed on July 7, 1980. Decl. of Brian G. West in Supp. of Mot. for Remand 5, Ex. 1, ECF No. 14-2. Koehler's affidavit in support of his motion for summary judgment states: "[i]n 1997, West and I worked together in a law firm, owned by me, in which West had been given a nominal ownership interest." Koehler Summ. J. Aff. ¶ 3.

Supp. of Cross-Mot. for Partial Summ. J. ¶ 3, ECF No. 34-1 [hereinafter West Summ. J.

Aff.].  According to West, both parties were to share the profits equally until the end of the

partnership on July 31, 2008.  Pl.'s Compl. ¶ 5, ECF No. 2.

Beginning in 1992, Koehler became involved in civil actions against the Bank of

Bermuda and other business associates in relation to his individually held interest in a

number of business ventures, notably two hotel resorts and a private club.  *Id.* ¶¶ 7-9, 16.

"[T]hroughout the process of the numerous legal actions brought by or against Koehler,

Koehler utilized the resources, both monetary and staff, of K&W to cover the costs of the

actions." *Id.* ¶ 19.  As a result, "[s]ometime in the 1990s,[3] Koehler and West entered into an

agreement for West to assist Koehler in the prosecution of [these] civil actions."  West

Summ. J. Aff. ¶ 2.  West was to receive one-third of any recovery relative to the cases in

which he represented Koehler.  *Id.* ¶ 5; *see also* Koehler Aff. in Supp. of Mot. for Summ. J. ¶

5, ECF No. 31-1 [hereinafter Koehler Summ. J. Aff.].  Although this fee agreement was

never reduced to a formal writing, several affidavits of Koehler submitted in actions before

this Court and the U.S. District Court for the Southern District of New York confirm its

existence and the parties' adherence to it.  *See e.g.,* Def.'s Mot. for Summ. J., Ex. 6 at 117,

160, ECF No. 31-12; Def.'s Reply to Pl.'s Opp. & Opp. to Cross-Mot. for Summ. J.

[hereinafter Def.'s Reply], Ex. C at 81 & Ex. D. at 67, ECF Nos. 36-3 & 36-4.  Specifically,

---

[3] Koehler alleges that this agreement was entered into in 1997.  Koehler Aff. in Supp. of Mot. for Summ. J. ¶ 2, ECF No. 31-1.  However, he submits an affidavit filed on July 31, 1997 in the context of his lawsuit against the Bank of Bermuda Limited before the U.S. District Court for the Southern District of New York, Civil Action No. JFK-96-7885, which indicates that the verbal agreement was probably entered into in 1993. Def.'s Reply to Pl.'s Opp. & Opp. to Cross-Mot. for Summ. J., Ex. D. at 67, ECF No. 36-4 ("When this litigation commenced over four years ago in its initial stage . . . my partner, Brian G. West, Esquire, and I entered into a verbal supplement to our partnership agreement, whereby he is to receive 1/3rd of the proceeds of any litigation relative to this case, so long as he pursues the litigation with me to a final conclusion.").

these affidavits explain that West and Koehler "entered into a verbal supplement to [their] partnership arrangement." *Id.* Koehler also stated that this agreement was entered into while testifying under oath during West's disbarment hearings.[4] Def.'s Reply, Ex. E at 6, ECF No. 36-5. Moreover, in 2004 and pursuant to this agreement, Koehler paid West one-third of the $475,000 judgment he obtained in garnishment proceedings against Dodwell in relation to the *Koehler v. Dodwell, et al,* WDQ-92-2982 action decided by this Court. Pl.'s Compl. at ¶ 22. While both parties agree that they entered into this fee sharing agreement, there is a dispute as to its terms. *Compare* West Summ. J. Aff. ¶ 5, *with* Koehler Summ. J. Aff. ¶ 6. Specifically, West disagrees with Koehler that his recovery was contingent "on seeing [Koehler's] case to a conclusion with Koehler." *Id.*

In February of 2008, the Attorney Grievance Commission of Maryland filed a Petition for Disciplinary or Remedial Action against West in the Circuit Court for Baltimore County, Case number 03-C-08-002042. Def.'s Mot. for Summ. J., Ex. 3, ECF No. 31-3. According to West, this disbarment "arose from West's acts as an attorney for MIY Limited Partnership and Advanced Technologies Associates, Inc., entities having no relationship to the matters at issue in the Koehler litigation." West Summ. J. Aff ¶ 21. On October 6, 2009, West was sanctioned with disbarment when the Grievance Commission determined that he had misappropriated funds as well as had acted dishonestly and deceitfully. Def.'s Mot. for Summ. J., Ex. 4 at 33, ECF No. 31-4. Between December 2008 and July 2009, West's appearance on behalf of Koehler in at least three civil actions was removed by Paul F. Newhouse ("Newhouse"), Koehler's other counsel. West Summ. J. Aff. ¶¶ 7-19. While a

---

[4] *See* discussion of West disbarment *infra.*

December 2008 Change of Attorney Form was submitted to the New York Court of Appeals with West's consent, he alleges that Newhouse removed his appearance before the Circuit Court for Baltimore County in *Koehler v. Bank of Bermuda Limited*, Civil Action 03-C-000065 and the United States Court of Appeals for the Fourth Circuit without informing him. *Id.* ¶¶ 7, 11, 19.  Koehler argues that these change of attorney requests were made in light of the pending disbarment charges against West and that they in no way terminated the attorney-client relationship.  Koehler Summ. J. Aff. ¶ 14.  However, West argues that these change of attorney requests are evidence that Koehler discharged him prior to his disbarment.  Pl.'s Cross-Mot. for Summ. J. at 12-16.  Confusingly, West also alleges that even after being disbarred and thereby ceasing to provide legal assistance to Koehler on these matters, he nevertheless continued to communicate with Newhouse to provide the latter with copies of the filings in order to assist him in his representation of Koehler.   Pl.'s Compl. ¶ 25-26.

In January 2011, West became aware that Koehler had dismissed all pending actions against the Bank of Bermuda.  *Id.* ¶ 27.  As such, West assumed that Koehler would have collected on the judgments and sought to obtain his share as well as information concerning the reasons for the dismissal.  *Id.* ¶¶ 27-28.  Koehler, however, allegedly refused to provide him with this information or any compensation for his efforts.  *Id.* ¶ 28.  West, therefore, filed this breach of contract action against Koehler on October 25, 2011 in the Circuit Court for Baltimore County, Maryland.  *Id.* at 1, ¶¶ 32-40.  Subsequently, Koehler removed this action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and

1441.[5]   Now pending before this Court are Defendant Lee N. Koehler's Motion for

Summary Judgment (ECF No. 31) and Plaintiff Brian G. West's Cross-Motion for Partial

Summary Judgment (ECF No. 34) pursuant to Rule 56 of the Federal Rules of Civil

Procedure.

<u>STANDARDS OF REVIEW</u>

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant

summary judgment if the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A

material fact is one that "might affect the outcome of the suit under the governing law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue over a material fact

exists "if the evidence is such that a reasonable jury could return a verdict for the

nonmoving party." *Id.*  In considering a motion for summary judgment, a judge=s function

is limited to determining whether sufficient evidence exists on a claimed factual dispute to

warrant submission of the matter to a jury for resolution at trial. *Id.* at 249.

When both parties file motions for summary judgment, as here, the court applies the

same standards of review. *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991);

*ITCO Corp. v. Michelin Tire Corp.*, 722 F.2d 42, 45 n. 3 (4th Cir. 1983) ("The court is not

permitted to resolve genuine issues of material fact on a motion for summary judgment-even

---

[5] Plaintiff Brian G. West ("West" or "Plaintiff") is a resident of Baltimore County, Maryland.  Pl.'s Compl. at ¶ 2, ECF No. 2.  At all times relevant to this case, Plaintiff was licensed to practice law in the State of Maryland until his disbarment by the Court of Appeals of Maryland in October of 2009.  *Id.* at ¶ 2, 25.  Defendant Lee N. Koehler ("Koehler" or "Defendant") is a resident of the Commonwealth of Pennsylvania.  *Id.* at ¶ 3.  He is licensed to practice in the State of Maryland and practices law from an office located at 409 Washington Avenue, Suite 625, Towson, Maryland 21204.  *Id.*  This Court previously addressed the issue of diversity of jurisdiction in the Memorandum Opinion and accompanying Order issued on March 13, 2012 in which it DENIED Plaintiff West's Motion to Remand.  *See* ECF Nos. 26 & 27.

where . . . both parties have filed cross motions for summary judgment.") (emphasis omitted).   The role of the court is to "rule on each party's motion on an individual and separate basis, determining, in each case, whether a judgment may be entered in accordance with the Rule 56 standard."  *Towne Mgmt. Corp. v. Hartford Acc. & Indem. Co.*, 627 F. Supp. 170, 172 (D. Md. 1985).  "[B]y the filing of a motion [for summary judgment] a party concedes that no issue of fact exists under the theory he is advancing, but he does not thereby so concede that no issues remain in the event his adversary's theory is adopted." *Nafco Oil & Gas, Inc. v. Appleman*, 380 F.2d 323, 325 (10th Cir. 1967); *see also McKenzie v. Sawyer*, 684 F.2d 62, 68 n. 3 (D.C. Cir. 1982) ("[N]either party waives the right to a full trial on the merits by filing its own motion.").   However, when cross-motions for summary judgment demonstrate a basic agreement concerning what legal theories and material facts are dispositive, they "may be probative of the non-existence of a factual dispute." *Shook v. United States*, 713 F.2d 662, 665 (11th Cir. 1983) (citation omitted).

<u>ANALYSIS</u>

In his Motion for Summary Judgment, Defendant Koehler alleges that the parties entered into a contingency fee agreement with respect to the litigation surrounding his resort property interest.  Specifically, Koehler alleges that West was to gain one-third of any recovery related to that case and its progeny provided that West "pursue[d] the litigation with [Koehler] to a final conclusion."  Def.'s Mot. for Summ. J., Ex. 6 at 117, 160, ECF No. 31-12.  Koehler argues that as a result of his disbarment, West was not able to "pursue the litigation to a final conclusion" and is therefore not entitled to any recovery in this matter. Conversely, West argues that the agreement in question is not a contingency fee agreement.

West also argues that Koehler breached the agreement by terminating the attorney-client relationship prior to his disbarment.  As such, West contends that he is entitled to one-third of the proceeds recovered or at least the reasonable value of his services leading up to his termination.

A review of the record indicates that issues of material facts exist which preclude the issuance of summary judgment in favor of either party.  Namely, as mentioned in the background section of this opinion, the terms of the agreement are in dispute.  This Court is must determine at trial whether the agreement was in fact a contingency fee agreement or a mere addendum to the partnership agreement entered into by West and Koehler upon forming their partnership.

The manner in which the agreement was terminated also raises an issue of material fact.  In Maryland, where a contingency fee agreement is concerned, clients are free to discharge their attorneys and under certain circumstances, an attorney is entitled to the reasonable value of his services.  *Skeen v. Miller*, 628 A.2d 185, 190 (Md. 1993).  Moreover, the Maryland Court of Appeals has held that:

> where a client has a good faith basis to terminate the attorney-client relationship but there is no serious misconduct warranting forfeiture of any fee, the attorney is entitled to compensation based on the reasonable value of services rendered prior to discharge, considering as factors the reasonable value of the benefits the client obtained as a result of the services rendered prior to discharge and the nature and gravity of the cause that led to the attorney's discharge.

*Somuah v. Flachs*, 721 A.2d 680, 688 (Md. 1998).  Where the discharge is for cause, however, an attorney may not be entitled to compensation.  *See Skeen*, 628 A.2d at 187.  As of yet, Maryland courts have not addressed whether disbarment is a "for cause" reason for

discharge precluding an attorney's recovery of his fee.  The United States District Court for the Eastern District of Pennsylvania recently noted that "courts around the country have adopted one of two approaches." *Pearson v. Tanner*, ___ F. Supp. 2d ___, 2012 WL 1432282, at *4 (E.D. Pa. April 25, 2012).  Some view disbarment prior to the completion of the contingency as a "material breach" thereby prohibiting an attorney's recovery of his compensation.  *Id.* (citations omitted).  Others "permit[] *quantum meruit* recovery for services rendered pursuant to a contingency fee arrangement prior to disbarment where the attorney discipline was *unrelated* to the particular matter for which recovery was sought." *Id.* (citations omitted)(emphasis added).  Accordingly, in this case, if the agreement is a contingency fee agreement, a genuine issue of material fact exists with respect to whether West was terminated by Koehler prior to his disbarment or whether West's disbarment terminated the attorney-client relationship.  This factual issue is essential to the determination of whether West is able to recover under the agreement.

Furthermore, both West and Koehler have submitted conflicting affidavits in support of their motions.  The United States Court of Appeals for the Fourth Circuit has held that conflicting affidavits in and of themselves raise genuine issues of material fact.  *See Am. Metal Forming Corp. v. Pittman*, 52 F.3d 504, 507 (4th Cir. 1995).  Accordingly, genuine issues of material fact preclude this Court from granting summary judgment to either party.  Therefore, Defendant Lee N. Koehler's Motion for Summary Judgment (ECF No. 31) and Plaintiff Brian G. West's Cross-Motion for Partial Summary Judgment (ECF No. 34) are both DENIED.

<u>CONCLUSION</u>

For the reasons stated above, Defendant Lee N. Koehler's Motion for Summary Judgment (ECF No. 31) and Plaintiff Brian G. West's Cross-Motion for Partial Summary Judgment (ECF No. 34) are both DENIED.

A separate Order follows.

Dated:        July 30, 2012                    /s/_____

                                                Richard D. Bennett
                                                United States District Judge